# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**TIMOTHY STOTTS,**
        **Petitioner,**

    v.                        **Case No. 06-C-0066**
                                        **(Criminal Case No. 99-CR-180)**

**UNITED STATES OF AMERICA**
        **Respondent.**

## RULE 4 ORDER

Petitioner Timothy Stotts brings this 28 U.S.C. § 2255 motion to vacate his conviction and sentence. Pursuant to Rule 4 of the Rules Governing Section 2255 Proceedings, I must preliminarily examine the motion.

> If it plainly appears from the motion, any attached exhibits, and the record of the prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States Attorney to file an answer, motion or other response . . . .

Rule 4(b), Rules Governing § 2255 Proceedings.

Section 2255 provides a basis for attacking a federal sentence on the grounds that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255.

Dockets.Justia.com

Petitioner was convicted by a jury of conspiracy to distribute and possession with intent to distribute cocaine base, and on April 5, 2002, I sentenced him to 97 months in prison. He appealed, arguing that I erred in not giving a requested jury instruction, but the court of appeals affirmed. United States v. Stotts, 323 F.3d 520 (7th Cir. 2003).

In the instant motion, petitioner argues that his sentence was illegal because it was based on facts found by the court under a preponderance of the evidence standard rather than by the jury beyond a reasonable doubt, see United States v. Booker, 543 U.S. 220, 125 S. Ct. 738 (2005), and that his rights under the Confrontation Clause were violated by the introduction of hearsay, see Crawford v. Washington, 541 U.S. 36 (2004). His motion fails because neither of the Supreme Court cases upon which he relies applies retroactively. McReynolds v. United States, 397 F.3d 479, 481 (7th Cir.), cert. denied, 125 S. Ct. 2559 (2005) (addressing Booker);[1] Bintz v. Bertrand, 403 F.3d 859, 867 (7th Cir.), cert. denied, 126 S. Ct. 174 (2005) (addressing Crawford).[2]

---

[1] Petitioner argues that McReynolds addressed only the issue of the appropriate fact-finder at sentencing (judge or jury); it did not address the standard of proof (preponderance of the evidence or beyond a reasonable doubt). He relies on two district court cases which held that there is a distinction between the two issues and declined to follow Schriro v. Summerlin, 542 U.S. 348 (2004), as did McReynolds, in deciding retroactivity. Whatever the merits of petitioner's argument, I must follow the decisions of the Seventh Circuit, which have flatly rejected retroactive application of Booker. See also In re Zambrano, No. 05-3106, 2006 U.S. App. LEXIS 521, at *10-11 (D.C. Cir. Jan. 10, 2006) (rejecting argument that Booker applies retroactively because it requires use of beyond reasonable doubt standard, and noting that all circuits that have decided the issue have rejected retroactive application).

[2] I also note that the Seventh Circuit held on petitioner's appeal that his "role in the conspiracy was sufficiently established by more than just an out-of-court coconspirator declaration." Stotts, 323 F.3d at 522. Thus, to the extent that he claims that the jury would have acquitted without the out-of-court statements, his claim fails. Finally, even if retroactive, Crawford does not apply to the statements of co-conspirators. United States v. Jenkins, 419 F.3d 614, 618 (7th Cir.), cert. denied,

2

**THEREFORE, IT IS ORDERED** that petitioner's motion is **DENIED**, and this case is **DISMISSED**. The Clerk is directed to enter judgment accordingly.[3]

Dated at Milwaukee, Wisconsin, this 18th day of January, 2006.

/s Lynn Adelman

_____
LYNN ADELMAN
District Judge

---

126 S. Ct. 78 (2005).

[3]To the extent that petitioner seeks to raise a separate claim under United States v. Edwards, 397 F.3d 570 (7th Cir. 2005) (holding that all crack is cocaine base but not all cocaine base is crack), the claim was procedurally defaulted because it was not raised directly. The basis for this claim was available at the time of petitioner's trial. See United States v. Reddrick, 90 F.3d 1276, 1282 (7th Cir. 1996); United States v. Booker, 70 F.3d 488, 494 (7th Cir. 1995). Moreover, petitioner presents no evidence that the substance involved in his offense was not crack; merely saying so is insufficient on collateral review. See Fuller v. United States, 398 F.3d 644, 652 (7th Cir.), cert. denied, 126 S. Ct. 238 (2005). Petitioner's primarily contention is that, under Booker, the jury rather than the court should have made this finding. Because Booker does not apply retroactively, the claim fails. Finally, the special verdict form submitted to the jury in petitioner's case did require the jury to find that the offense involved crack cocaine. (Case No. 99-CR-180, Docket # 33.)